

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford
Administrator, Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-3292
Re: The proper fee to be paid by an
applicant for medicinal pharmacy
permit located in the city of Austin
under the facts set forth.

We quote the following paragraphs from your letter of March 17, material to your request for an opinion of this Department:

"An application has been filed with the Texas Liquor Control Board for a medicinal pharmacy permit for premises located at 2807 - 9 San Jacinto Boulevard, in the City of Austin, Travis County, Texas.

"Travis County and the city of Austin are wet for the sale of all alcoholic beverages so far as local option is concerned. However, the city of Austin has a comprehensive city zoning ordinance which divides the city into zones, such as zones A, B, or C, etc.

"The location for which the above mentioned Medicinal Pharmacy Permit is made, that is premises at 2807-9 San Jacinto Boulevard, is located in "C" commercial district. The ordinance prohibits all buildings and land in "C" Commercial district from being used for forty-one different uses among which are: 'The sale, storage, dispensing, or otherwise handling of malt, vinous and spirituous liquors for on site or off site consumption.'

"The applicant contends that because of the zoning ordinance he is entitled to the medicinal pharmacy permit upon paying the $50.00 fee which is the fee provided by the above quoted statute for a medicinal pharmacy permit in dry areas.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, page 2

"It is the contention of the Board that the applicant should be made to pay the annual fee provided for package stores in the city of Austin, Travis County, Texas, in accordance with the above quoted provisions of the Texas Liquor Control Act.

". . .

"Your valued opinion is desired on the proposition of what is the proper fee to be charged the applicant for a Medicinal Pharmacy Permit in this case."

Sec. 15, Subsec. (18), Article 1, Texas Liquor Control Act, provides in part as follows:

"The annual permit fee for a Medicinal Permit to pharmacies in dry areas shall be Fifty Dollars ($50.00) and in wet areas the annual fee shall be the same as the annual fee for a package store."

Sec. 15, Subsec. (8), paragraph (e), in part, provides:

"The annual fee for a package store in cities and towns shall be based upon the population according to the last preceding Federal Census as follows:

"Population          Fee
  25,000 or less      $125.00
  25,001 to 75,000     175.00
  75,001 or more       250.00"

Sec. 15, Subsec. (18), Article 1 of the act, provides:

"(18) Medicinal Permits. Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes only. . . ."

Sec. 23, Art. 1 of said act, defining the term "Dry" and "Wet" areas, in part, provides:

"Whenever the term 'dry area' is used in this act it shall mean and refer to all counties, justice precincts, incorporated cities or towns wherein the sale of alcoholic beverages had been prohibited by valid local option elections held under the laws of the State in force at the time of the taking effect of Section 20, Article 16, Constitution of Texas, in the year 1919. It likewise shall mean and refer to any such areas where sale of such alcoholic beverages shall be prohibited under the terms of this act.

"The term 'wet area' shall mean and refer to all other areas of the State."

Honorable Bert Ford, page 3

The only "dry area" recognized by the provisions of the Texas Liquor Control Act are those areas that fall under the provisions of Section 23, Article 1, supra, wherein "dry areas" and "wet areas" are defined. A zoning of a portion of a city "dry" by ordinance is neither under the provisions of the act nor does it operate to affect medicinal permits issued to pharmacies, the granting of which has always been regulated by the State authorities.

We think the meaning of the term "wet areas" as set forth in the statute, by which the fee for medicinal permits are to be determined, is broad enough to include any area not recognized as a "dry area" and so determined under or recognized by the provisions of the Texas Liquor Control Act.

By Subsection (18) of Section 15 of the act, it is provided that Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes.

It is therefore the opinion of this Department that the pharmacy located in the described zoned portion of the city of Austin, according to your letter, should be required to pay the annual fee in accord with the schedule set forth in Section 15, Subsection (8), Article 1, Texas Liquor Control Act, for issuing a package store permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

APPROVED APR 28, 1941

_____
FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:ALH

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE